Keith J. Miller, Esq.
Michael J. Gesualdo, Esq.
**ROBINSON MILLER LLC**
Ironside Newark
110 Edison Place, Suite 302
Newark, New Jersey 07102
Tel: (973) 690-5400
Fax: (973) 466-2761
kmiller@rwmlegal.com
mgesualdo@rwmlegal.com

*Counsel for Defendants*
*CDK Global, LLC and*
*IP Networked Services, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CELEBRITY MOTOR CAR, LLC d/b/a LEXUS OF ROUTE 10, CELEBRITY AUTO OF SPRINGFIELD, LLC d/b/a BMW OF SPRINGFIELD, CELEBRITY AUTO OF WEST CHESTER, LLC d/b/a MERCEDES-BENZ OF GOLDEN BRIDGE, CELEBRITY MOTORS OF TOMS RIVER, LLC d/b/a CELEBRITY FORD OF TOMS RIVER, | Civil Action No. 2:24-cv-08518 *Document electronically filed.* |
| Plaintiffs, | |
| v. | |
| CDK GLOBAL, LLC and IP NETWORKED SERVICES, INC. | |
| Defendant. | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' UNOPPOSED MOTION FOR EXEMPTION FROM ARBITRATION

Defendants CDK Global, LLC ("CDK") and IP Networked Services, Inc. ("IP Networked

Services") (collectively "Defendants") respectfully move this Court to exempt this case from

arbitration under Local Civil Rule 201.1.

## **BACKGROUND**

On or about June 19, 2024, CDK became the victim of a cyber incident and as a part of the containment, restoration, and investigation process CDK's network and customer-facing applications were proactively and temporarily taken offline.

On or about July 16, 2024, Celebrity Motor Car, LLC d/b/a Lexus of Route 10, Celebrity Auto of Springfield, LLC d/b/a BMW of Springfield, Celebrity Auto of West Chester, LLC d/b/a Mercedes-Benz of Golden Bridge, and Celebrity Motors of Toms River, LLC d/b/a Celebrity Ford of Toms River (collectively, "Plaintiffs") filed the instant lawsuit against Defendants in the Superior Court of New Jersey, Law Division, Morris County. *See* ECF No. 1.  The case was removed to this Court on August 16, 2024.  ECF No. 1.

Plaintiffs assert that they operate a family of franchised automobile dealers. Compl. ¶ 10. Plaintiffs allege that as a result of the cyberattack, "the entirety of [their] business operations" came "to a grinding halt."  Compl. ¶40.  Plaintiffs further claim the attack "impaired" their operations and "hampered" ability to sell automobiles.  Compl. ¶ 42.  Consistent with New Jersey Court Rule 4:5-2, Plaintiffs did not allege a specific amount of damages in their complaint.  *See id.*

Under Local Civil Rule 201.1(d)(1), subject to two exceptions, the clerk "shall designate and process for compulsory arbitration any civil action pending before the Court where the relief sought consists only of money damages not in excess of $150,000 exclusive of interest and costs and any claim for punitive damages."  On August 19, 2024, Defendants received a notification from the Court that this matter had been referred to compulsory arbitration in accordance with Local Civil Rule 201.1(d)(1) because Plaintiffs' Complaint did not specify an amount of damages,

and therefore Plaintiffs' damages were "presumed . . . to be $150,000 or less."  L. Civ. R. 201.1(d)(3).

On August 20, 2024, Defendants' and Plaintiffs' counsel met and conferred, and the parties agreed that this case should be exempt from the Court's arbitration program.

Counsel for Defendants and counsel Plaintiffs are filing herewith a joint statement regarding the amount in controversy pursuant to Local Civil Rule 201.1(d)(3) certifying that the amount in controversy exceeds $150,000.

## ARGUMENT

This case is not appropriate for arbitration under local Civil Rule 201.1 for three reasons. *First*, this case is not eligible for the arbitration program under Local Civil Rule 201.1(d)(1).  Local Civil Rule 201.1(d)(1) requires the Court to designate and process an action for compulsory action "where the relief sought consists only of money damages not in excess of $150,000."  Counsel for Plaintiffs and counsel Defendants have filed herewith a joint statement certifying that the amount in controversy exceeds $150,000 pursuant to Local Civil Rule 201.1(d)(3).  As described above, Plaintiffs allege they have suffered "not only irreparable harm to [their] good will [sic], reputation and relationship with [their] customers, but also substantial monetary losses, all of which are ongoing and cumulative."  Compl. ¶ 44.  Plaintiffs also seek "disgorgement of any sums paid" by plaintiffs to CDK, which alone totals more than $150,000.  *See*, *e.g.*, Compl. ¶ 66; *see also* Declaration of Chris Guider filed herewith.  Accordingly, the amount in controversy exceeds $150,000 and this case is therefore ineligible for arbitration under Local Civil Rule 201.1(d)(1).

*Second*, this case entails complex legal issues that should exempt it from this Court's arbitration program.  Local Civil Rule 201.1(e)(6) permits an exemption from the arbitration program if the case "involves complex . . . legal issues."  L. Civ. R. 201.1(e)(6). Here, Plaintiffs'

allegations raise complex questions of alleged harms aimed at a CDK who itself was the victim of a cyberattack. Further, Plaintiffs and Defendants are sophisticated entities whose relationship is governed by a complex Master Services Agreement (the "MSA"). The terms of the MSA go to the heart of this dispute. Interpretation of the MSA and the implications of its terms on Plaintiffs' claims pose intricate legal issues. Under Illinois law, "the construction, interpretation, or legal effect of a contract is a matter to be determined by the court as a question of law."[1]  MSA Section 11.B.; *Beach Forwarders, Inc. v. Serv. By Air, Inc.*, 76 F.4th 610, 613 (7th Cir. 2023) (cleaned up).

Finally, there is good cause for exempting this case from the arbitration program as doing so will conserve judicial resources, speed resolution of the case, and result in less burden to the Court. This case is currently only one of sixteen lawsuits filed against CDK in the United States related to purported harm suffered because of a cybersecurity incident in mid-June that impacted automotive businesses and their customers nationwide.  As of today, thirteen of these lawsuits are currently pending in the Northern District of Illinois.[2]  CDK anticipates seeking to transfer this case to the Northern District of Illinois and potentially consolidating it with the other actions already pending in that court.  Exempting this case from the arbitration program so that Defendants may seek to transfer to the Northern District of Illinois and consolidate it with the thirteen cases

---

[1]    The MSA dictates that Illinois law governs.  MSA Section 11.B.

[2]    The other 13 suits are: *Loginov v. CDK Global, LLC*, No. 1:24-cv-05221 (N.D. IL.) (Filed June 20, 2024); *Buraga v. CDK Global, LLC*, No. 1:24-cv-05221 (N.D. IL) (Filed June 22, 2024); *Jay Kay Collision Center, Inc. v. CDK Global, LLC*, No. 1:24-cv-5313 (N.D. IL) Filed June 25, 2024); *Aviles v. CDL Global, LLC*, No. 1:24-cv-05356 (N.D. IL.) (Filed June 26, 2024); *Berman v. CDK Global, LLC*, No. 1:24-cv-05360 (N.D. IL) (Filed June 26, 2024); *Hester v. CDK Global, LLC*, No. 1:24-cv-05377 (N.D. IL.) (Filed June 27, 2024); *Kallas, et. al v. CDK Global, LLC*, No. 1:24-cv-05384 (N.D. IL) (Filed June 27, 2024); *Formula Sports Cars, Inc. v. CDK Global, LLC*, 1:24-cv-08120 (N.D. IL.) (Originally filed on June 30, 2024 and filed in the N.D. IL via transfer on Sept. 6, 2024); *Leeburg v. CDK Global, LLC*, No. 1:24-cv-05589 (Filed July 2, 2024); *Fowler v. CDK Global, LLC*, No. 1:24-cv-05643 (N.D. IL) (Filed July 3, 2024); *George D. Mandergach, Inc. v. CDK Global, LLC*, No. 1:24-cv-05924 (N.D. IL) Filed July 23, 2024); *Carvelli v. CDK Global, LLC*, No. 1:24-cv-05991 (N.D. IL.) (Filed July 16, 2024); and *Proto v. CDK Global, LLC*, No. 1:24-cv-06168 (N.D. IL) (Filed July 22, 2024).

already pending there would conserve scarce judicial resources, efficiently move the matter towards resolution, and avoid the potential of conflicting rulings. Likewise, CDK anticipates moving for arbitration pursuant to relevant contractual agreements with dealerships in these lawsuits against Defendants, including Plaintiffs, and exempting this case here from the local arbitration program would better allows consistent decisions by the court once all cases are consolidated.[3] Thus, good cause exists for exemption from arbitration under Local Civil Rule 201.1.

## **CONCLUSION**

For the above reasons, Defendants ask that the Court grant its motion to exempt this case from arbitration pursuant to Local Civil Rule 201.1.

Respectfully Submitted,

Dated: September 16, 2024

*s/ Keith J. Miller*
Keith J. Miller, Esq.
**ROBINSON MILLER LLC**
Ironside Newark
110 Edison Place, Suite 302
Newark, New Jersey 07102
Tel: (973) 690-5400
Fax: (973) 466-2761
Email: kmiller@rwmlegal.com

*Counsel for Defendants*
*CDK Global, LLC and*
*IP Networked Services, Inc.*

---

[3]    The MSA between the parties contains a controlling mandatory arbitration clause. *See* MSA Section 11.